UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:                                                              CHAPTER 11

    HILARY HAMANN,                                          CASE NO. 25-71986-LAS

                            DEBTOR.
-----------------------------------------------------------X

## MEMORANDUM ORDER DISMISSING
## CHAPTER 11 CASE WITH PREJUDICE

### I.  Introduction

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), moved by Notice of Motion dated June 9, 2025, for the entry of an order under 11 U.S.C. § 1112(b) dismissing the chapter 11 case filed by Hilary Hamann (the "Debtor") with prejudice, or in the alternative, converting this chapter 11 case to one under chapter 7 of the Bankruptcy Code ("Motion") [ECF No. 12]. On July 9, 2025, one day before the scheduled hearing on the Motion, Julio E. Portilla, Esq. of Law Office of Julio E. Portilla, P.C. filed a limited objection ("Limited Objection") [ECF No. 17] on behalf of the Debtor requesting that the Court deny the Motion and instead grant the Debtor's motion to dismiss this chapter 11 case [ECF No. 10], without prejudice under 11 U.S.C. § 305.

The Court held a hearing on the Motion on July 10, 2025 ("Hearing") at which William J. Birmingham, Esq. appeared on behalf of the United States Trustee in support of the Motion, and Mr. Portilla appeared on behalf of the Debtor in opposition to the Motion and in support of the Debtor's request that the chapter 11 case be dismissed without prejudice. Based upon the record made at the Hearing, the Court finds that (i) the United States Trustee established, by a preponderance of the evidence, that cause exists under 11 U.S.C. § 1112(b) to dismiss this chapter 11 case and (ii) the multiple bankruptcy filings by the Debtor within the preceding 18 months and the Debtor's Declaration dated July 8, 2025 ("Debtor's Decl.")

in support of the Limited Objection demonstrate that this chapter 11 case must be dismissed with prejudice.

## II.    Jurisdiction and Venue

The Court has jurisdiction over the Motion under 28 U.S.C. § 1334 and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, D.J.). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## III.    Background[1]

The Court assumes familiarity with the history of this chapter 11 case and recounts only those facts and procedural history relevant to the disposition of the Motion. As set forth below, there is and can be no dispute that the Debtor has filed four bankruptcy cases since 2019, each with the assistance of Mr. Portilla as counsel of record. It also cannot be disputed that each of the filings was strategically timed to stay a foreclosure sale of residential real property located at 175 Main Street, Sag Harbor, New York ("Property") by the mortgagee. [Debtor's Decl. ¶¶ 3,7]. Commencing a bankruptcy case to invoke the automatic stay to stop a foreclosure sale is increasingly common in this district. In many instances, a single filing is not *per se* evidence of bad faith. But the story changes when a debtor repeatedly files for bankruptcy relief to invoke the automatic stay to stop a scheduled foreclosure and yet makes

---

[1] Unless otherwise indicated, the relevant facts are drawn from the record in the Debtor's current bankruptcy case and in the Debtor's three prior bankruptcy cases, and from documents as to which this Court may take judicial notice. *Teamsters Nat'l Freight Indus. Negotiating Comm. et al. v. Howard's Express, Inc. (In re Howard's Express, Inc.)*, 151 F. App'x 46, 48 (2d Cir. 2005) (stating that courts are empowered to take judicial notice of public filings, including a court's docket); *Talley v. LoanCare Servicing, Div. of FNF*, 16-CV-5017 (JMA) (AKT), 2018 WL 4185705, at *1 (E.D.N.Y. Aug. 31, 2018) (noting that a federal court "may take judicial notice of public records, including state court filings"); *Nath v. JP Morgan Chase Bank, N.A.*, No. 15-CV-3937 (KMK), 2016 WL 5791193, at *1 n.1 (S.D.N.Y. Sept. 30, 2016) (taking judicial notice of the note, mortgage, and assignment of mortgage and documents filed in state court foreclosure proceedings).

no effort to administer the bankruptcy case. The debtor achieved his or her goal of stopping the foreclosure sale - having received the benefit of the automatic stay - and is not in the least troubled by dismissal of the bankruptcy case which, in many instances, occurs automatically under 11 U.S.C. § 521(i) for a debtor's failure to meet the mandatory disclosure requirements. The Bankruptcy Code, however, has limits when faced with a debtor who repeatedly files for bankruptcy relief, *see* 11 U.S.C. §§ 109(g) and 362(c)(3), (c)(4), and (d)(4), or does so in bad faith, *see C–TC 9th Ave. P'ship v. Norton Co. (In re C–TC 9th Ave. P'ship)*, 113 F.3d 1304, 1311 (2d Cir. 1997). It is the responsibility of the courts to ensure that those limits are enforced to prevent an abuse of the bankruptcy system.

The Court considers each of the debtor's four bankruptcy cases in turn.

### A.  First Bankruptcy Filing

The Debtor first filed for relief under chapter 11 of the Bankruptcy Code on February 20, 2019 under case no. 8-19-71210 ("First Bankruptcy Case") in response to foreclosure proceedings pending in state court regarding the Property. [Debtor's Decl. ¶ 7.a.] The First Bankruptcy Case was dismissed on October 2, 2019 on the motion of the United States Trustee due to Debtor's failure to file any monthly operating reports, failure to appear at the adjourned case management conference, and to provide any post-petition financial disclosure.

### B.  Second Bankruptcy Filing

On February 6, 2024, the Debtor filed for relief under chapter 13 of the Bankruptcy Code under case no. 8-24-70481 ("Second Bankruptcy Case"). The Debtor did not file the required schedules and related documents, nor did she file a chapter 13 plan. On March 25, 2025, the last day for the Debtor to file the requisite bankruptcy documents under 11 U.S.C. § 521(i)(1), the Debtor filed an application seeking to voluntarily dismiss her chapter 13 case. The Debtor explained that she "sought dismissal in order to pursue state court remedies after halting a foreclosure sale and to continue to pursue the removal of the wrongful tax lien

through the tax consideration process." [Debtor's Decl. ¶ 7.b.]   The Debtor's Second Bankruptcy Case was dismissed on March 26, 2024.

### C.  Third Bankruptcy Filing

On June 24, 2024, the Debtor filed for relief under chapter 11 of the Bankruptcy Code under case no. 8-24-72449 ("Third Bankruptcy Case") on the eve of a scheduled foreclosure sale. The Debtor explained that "[t]his filing was necessitated by another foreclosure attempt and [her] ongoing efforts to address the disputed liens." [Debtor's Decl. ¶ 7.c.] On September 12, 2024, the United States Trustee filed a motion for the entry of an order dismissing the Third Bankruptcy Case on the grounds that (i) the Debtor failed to file all monthly operating reports when due, and (ii) there was a continuing loss to or diminution of the estate and an absence of a reasonable likelihood of rehabilitation as the Debtor is unemployed and without any income to fund a confirmable chapter 11 plan. On the morning of the October 24, 2024 hearing on the United States Trustee's motion to dismiss, the Debtor filed a motion seeking to withdraw the Third Bankruptcy Case and have it expunged from the record arguing, among other things, that Mr. Portilla was fired for cause. The Court granted the United States Trustee's motion after a hearing at which Mr. Birmingham appeared on behalf of the United States Trustee and Mr. Portilla appeared on behalf of the Debtor. The Third Bankruptcy Case was dismissed on October 28, 2024.

### D.  Fourth Bankruptcy Filing

On May 21, 2025, the Debtor, represented by Mr. Portilla, filed her fourth bankruptcy case under chapter 11 of the Bankruptcy Code.  As the Debtor stated in her Declaration, the chapter 11 filing was necessitated by an imminent foreclosure sale of the Property. [Debtor's Decl. ¶ 3.] Debtor's Schedules I: Your Income shows that the Debtor is an unemployed writer, and her non-filing spouse contributes $10,000 to the household income. [ECF No. 1.] Debtor's Schedule J: Your Expenses shows household expenses totaling $9,850.76, leaving only

$149.24 in monthly disposable income. *Id*. According to Mr. Portilla's Disclosure of Compensation of Attorney for Debtor pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b) ("Rule 2016 Disclosure"), Mr. Portilla agreed to accept a retainer of $2,500 from the Debtor's father to file this chapter 11 case.[2] *Id*. One day before the initial meeting of creditors scheduled pursuant to 11 U.S.C. § 341, the Debtor filed a motion to dismiss this current case stating therein that while she initially filed to preserve the Property, "she now seeks to pursue relief and resolution through state court proceedings" and argued that "[d]ismissal of the case is in the best interest of the Debtor's estate and creditors, as it would enable the parties to address their claims and remedies in the appropriate non-bankruptcy forums." [ECF No. 10]. The Debtor's motion to dismiss was returnable July 10, 2025.

On June 9, 2025, the United States Trustee filed the Motion seeking to dismiss this chapter 11 case with prejudice, also returnable on July 10, 2025. The United States Trustee contends that this is the third case filed by the Debtor on the eve of a foreclosure sale within a 16-month period and the Debtor has not demonstrated any intention to propose and confirm a chapter 11 plan. The United States Trustee argues that the Debtor filed for bankruptcy relief solely to obtain the benefit of the automatic stay and then moved to dismiss the chapter 11 case two weeks after filing to return to the state court to address the foreclosure action. Further, the United States Trustee argues that the Debtor has done nothing to advance any of her bankruptcy filings toward confirmation and that the Debtor's decision to seek bankruptcy relief appears to be nothing more than an attempt to frustrate the legitimate efforts of the mortgagee to enforce its rights in state court. Accordingly, the United States

---

[2] The Court takes judicial notice that according to the Rule 2016 Disclosure filed in the Debtor's Second Bankruptcy Case, Mr. Portilla charged $7,500 for the filing the Debtor's chapter 13 case, of which he received $2,500 prepetition from the Debtor's father.

Trustee maintains that the Debtor's chapter 11 case should be dismissed with prejudice as a bad faith filing.

The Debtor filed her Limited Objection contending that she has meritorious defenses to both the foreclosure action and the tax lien filed by the Internal Revenue Service ("IRS") against the Property and that the current bankruptcy filing "was the only available option to halt the foreclosure sales and gain time to address these complex issues". [Debtor Decl. ¶10.] In her Limited Objection, she admitted that she filed her three prior bankruptcy cases to protect the Property from a foreclosure sale by the mortgagee. The Debtor further admits that she "filed a motion to dismiss this case recognizing that reorganization is not feasible and that the state court and IRS proceedings are the appropriate forums to resolve these disputes." [Debtor's Decl. ¶ 11.] Yet, despite her admission, the Debtor argues against a dismissal with prejudice because "dismissal with prejudice would unfairly prevent me from seeking future bankruptcy relief if my state court and IRS efforts are unsuccessful." [Debtor's Decl. ¶ 15.]

## IV.    Discussion

### A.  Dismissal pursuant to 11 U.S.C. § 1112(b)(4)

Section 1112(b) of the Bankruptcy Code provides that the court shall convert a chapter 11 case to a case under chapter 7 or dismiss a chapter 11 case, whichever is in the best interests of creditors and the estate, for cause, unless the Court determines that one of the two limited exceptions set forth in  11 U.S.C. § 1112(b)(1) and (b)(2) apply. If one or both of the exceptions apply, the Court has discretion whether to dismiss or convert the chapter 11 case. Under 11 U.S.C. § 1112(b)(1), rather than dismiss or convert, the Court may determine that the appointment of a trustee or an examiner is in the best interests of creditors and the estate. 11 U.S.C. § 1112(b)(1). Under § 1112(b)(2), the Court may deny a motion to convert or dismiss if (i) it finds and specifically identifies "unusual circumstances establishing that

conversion or dismissal is not in the best interests of creditors and the estate" and (ii) the debtor or any other party in interest establishes that the requirements of 11 U.S.C. § 1112(b)(2)(A) and (B) have been met. 11 U.S.C. § 1112(b)(2).

When considering a motion to dismiss under 11 U.S.C. § 1112(b), the Court's analysis begins with an assessment of whether cause exists. The movant bears the burden of demonstrating, by a preponderance of the evidence that cause exists to dismiss or convert a chapter 11 case. *In re Babayoff*, 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011); *Taub v. Taub (In re Taub)*, 427 B.R. 208, 231 (Bankr. E.D.N.Y. 2010). If cause is found to exist, and the Court determines that the limited exceptions do not apply, dismissal or conversion is mandatory— the Court must dismiss or convert the chapter 11 case. Courts have broad discretion to determine whether cause exists to dismiss or convert a chapter 11 case under 11 U.S.C. § 1112(b). *In re MF Global Holdings Ltd.*, 465 B.R. 736, 742 (Bankr. S.D.N.Y. 2012); *In re FRGR Managing Member LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009) (citing *In re Kholyavka*, No. 08–10653DWS, 2008 WL 3887653, at *5 (Bankr. E.D. Pa. Aug. 20, 2008)).

Section 1112(b)(4) provides an "illustrative, not exhaustive" list of sixteen grounds that constitute "cause" for purposes of 11 U.S.C. § 1112(b)(1). *C–TC 9th Ave. P'ship*, 113 F.3d at 1311. The list is not exclusive, and the Court is free to consider other factors. *BH S & B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010); *FRGR Managing Member LLC*, 419 B.R. at 580. The first ground under 11 U.S.C. 1112(b)(4) is "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

Here, the United States Trustee has met its burden of proof by establishing that cause exists to dismiss this chapter 11 case because there is a continuing diminution of the estate and an absence of a reasonable likelihood of rehabilitation. The Debtor is an unemployed

writer and the household income is dependent upon contributions from her non-filing spouse. Notwithstanding the Debtor's desire to save her home, the Debtor's Schedule J shows no payments for real estate taxes or homeowner's insurance for the Property. The Debtor's monthly household disposable income is only $149.24. Thus, there is a continuing loss to or diminution of the estate as there is no evidence that the real estate taxes and homeowners' insurance are being paid by the Debtor and the Debtor's own sworn statements in her Schedules I and J show that she has insufficient income to make these payments, let alone any payments in respect of the mortgage debt and the tax obligation. Moreover, the Debtor's lack of disposable income and the fact that the Debtor's father paid the bankruptcy case filing fee and Mr. Portilla's legal fee support the absence of a reasonable likelihood of rehabilitation.

The Debtor does not dispute her inability to confirm a chapter 11 plan and agrees that the case should be dismissed as she has obtained the benefit of the automatic stay to stop the foreclosure sale of the Property and acknowledges that the Bankruptcy Court is not the proper forum for her to litigate her claims against the mortgagee and the IRS. Rather, the Debtor requests that this Court dismiss the chapter 11 filing under 11 U.S.C. § 305(a)[3] without prejudice so she can return to this Court for a fifth time should she be unsuccessful in stopping the foreclosure sale in state court. Such a request, in essence, is asking this Court to disregard not only the fact that the United States Trustee established that "cause" exists to dismiss or convert this chapter 11 case under 11 U.S.C. § 1112(b)(4)(A), but also the pattern and timing of the Debtor's multiple bankruptcy filings, the dismissal of those filings and the Debtor's own admission as to her motivation behind each of the bankruptcy filings. This, the Court will not do. Accordingly, having found that cause to dismiss or convert has been

---

[3] Section 305(a) of the Bankruptcy Code allows the Court the discretion to dismiss a case or suspend all proceedings at any time if the interests of creditors and the debtor would be better served by such dismissal or suspension. 11 U.S.C. § 305.

established[4], the Court, in the exercise its discretion, concludes that dismissal of this chapter 11 case pursuant to 11 U.S.C. § 1112(b) to be in the best interests of creditors and this estate. The analysis, however, does end here with a dismissal for cause under 11 U.S.C. § 1112(b)(4)(A) as the United State Trustee has also sought dismissal for cause on the ground that the Debtor exhibited a lack of good faith in commencing the chapter 11 case. This, coupled with the serial filings, warrants a dismissal with prejudice according to the United State Trustee. The Court now addresses the request to dismiss based on the Debtor's lack of good faith.

### B.  Bad Faith Filing

The Debtor contends that her bankruptcy case should not be dismissed with prejudice so that she may commence yet another bankruptcy case to stay a foreclosure sale if she is unsuccessful in the state court litigation regarding the mortgage debt and any proceeding in respect of the tax lien asserted by the Internal Revenue Service. In so contending, the Debtor ignores the consequences that befall an abusive serial filer and the governing law in this Circuit as to when a case will be dismissed on the grounds that it was not filed in good faith.

The Second Circuit has considered the following factors to determine whether a debtor's bankruptcy case has been filed in bad faith:

1) the debtor has only one asset;
2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;
5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;
6) the debtor has little or no cash flow;

---

[4] The Court also concludes neither of the two limited exceptions under 11 U.S.C. § 1112(b) apply.

      7)  the debtor can't meet current expenses including the payment of personal property and real estate taxes; and

      8)  the debtor has no employees.

*C-TC 9th Ave. P'ship*, 113 F.3d at 1311 (quoting *Pleasant Point Apartments, Ltd. v. Kentucky Hous. Corp.*, 139 B.R. 828, 832 (W.D. Ky. 1992)).

All the factors considered by the Second Circuit in *C-TC 9th Avee P'ship* apply here except for the last factor as the Debtor does not have any employees. Applying each of the applicable factors to the undisputed facts establishes that sufficient cause exists to dismiss the debtor chapter 11 case as a bad faith filing and supports a dismissal with prejudice.

First, the Debtor has only one asset – her residence. Second, the Debtor has few unsecured creditors. Aside from $253,800.59 in student loans (which are nondischargeable absent a finding of undue hardship under 11 U.S.C. § 523(a)(8) and the Debtor did not commence an adversary proceeding to determine that the student loan debt should be discharged), and a New York State tax debt of $4,777.84, the Debtor scheduled only one general unsecured creditor, Jeffrey S. Schecter, with a general unsecured claim of $31,591.21, which she disputes. While no bar date for filing proofs of claim was set as counsel moved to dismiss the case and did not file an application for entry of an order to set a claims bar date, proofs of claim have been filed by the taxing authorities, the U.S. Department of Education, and the mortgagee, U.S. Bank NA c/o Select Portfolio Servicing, Inc.

Third, it is undisputed that the debtor's residence is the subject of a foreclosure action, and this is the Debtor's third bankruptcy case filed on the eve of a foreclosure sale within a 16-month period. Fourth, the Debtor's financial condition boils down to an admitted dispute between her and the mortgagee and the IRS, which can be resolved outside of bankruptcy. Indeed, the Debtor has repeatedly acknowledged that the appropriate forum for her to resolve her claims against the mortgagee and the IRS lie outside of bankruptcy and she sought, and continues to seek, dismissal of her bankruptcy case for that stated reason.  Fifth, the timing

and sequence of the Debtor's bankruptcy filing once again stayed the foreclosure sale and prevented the mortgagee and the IRS from exercising legitimate efforts to enforce their respective rights in the Property.

Sixth, as demonstrated by the Debtor's Schedules I and J, the Debtor has little to no cash flow. The Debtor's sole source of income is from her non-filing spouse and the monthly disposable income (after expenses) is only $149.24. Lastly, the Debtor cannot meet current expenses, including the payment of real estate taxes and homeowners' insurance. As evidenced by the Debtor's Schedule J, the Debtor has not paid any real estate taxes and insurance for the Property, much less any mortgage payments. Clearly, the Debtor has no ability to cure and reinstate her mortgage or to make any payments under a loan modification or a tax installment agreement as this would require her to expend more than the $149.24 of disposable income available to her.

These undisputed facts and the inability to propose and confirm a chapter 11 plan are of no moment to the Debtor as she readily and repeatedly admits that bankruptcy relief was not sought for the purpose of reorganizing her debts but to obtain the benefit of the automatic stay to protect the Property from foreclosure. While it is generally acknowledged that debtors file for bankruptcy relief to obtain the benefit of the automatic stay to protect their residence from a foreclosure sale, the purpose of allowing a stay is to provide an "honest but unfortunate debtor" breathing space to reorganize her debts and obtain a discharge. *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991). However, as noted above, access to the automatic stay and its concomitant benefits is not without its limits. The Bankruptcy Code limits such protection when multiple cases have been commenced by a serial filer unable to demonstrate that the current case has been filed in good faith, *see* 11 U.S.C. §§ 109(g) and 362(c)(3), (c)(4) and (d)(4), and applicable law imposes a gatekeeping function to assure that a debtor's' chapter 11 case is filed in good faith, *see C–TC 9th Ave. P'ship*, 113 F.3d at 1311. Here, as evidenced

by the timing and sequence of the Debtor's four bankruptcy filings, the Debtor sought in each instance to stop a scheduled foreclosure and having accomplished her stated intention, the Debtor admittedly had no need to continue the bankruptcy process, nor any intention to comply with obligations required of her under the Bankruptcy Code. Accordingly, based on the factors set forth in *C-TC 9th Ave. P'ship*, and the Debtor's admissions and conduct in each of her bankruptcy filings, the Court concludes that this current chapter 11 case was filed in bad faith and must be dismissed with prejudice lest the Debtor continue her pattern of filing repeatedly for bankruptcy relief with no stated intention of reorganizing her financial affairs and her blatant disregard for the integrity of the bankruptcy process.

## V.    Conclusion

Therefore, based upon the record made at the Hearing and after due deliberation and good cause being shown, it is hereby

**ORDERED**, that pursuant to 11 U.S.C. § 1112(b), the Debtor's chapter 11 case is dismissed; and it is further

**ORDERED**, that the Debtor is barred from filing a case under chapter 11 and chapter 13 of the Bankruptcy Code for a period of one (1) year from the date of the entry of this Memorandum Order.

Dated: July 28, 2025
      Central Islip, New York

Louis A. Scarcella
**Louis A. Scarcella**
**United States Bankruptcy Judge**